1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| TIMOTHY J. HARGRAVE,<br><br>          Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, P.V.<br>BALAKRISHNAN, in his individual<br>capacity,<br>SANDEEP KRISHNAMURTHY, in his<br>individual capacity, PRADYOT SEN, in<br>his individual capacity,<br>GOWRI SHANKAR, in his individual<br>capacity, JAMES M. MILLER, in his<br>Individual capacity, SUSAN JEFFORDS,<br>in her individual capacity, and<br>CHERYL CAMERON, in her individual<br>capacity,<br><br>          Defendants. | NO:<br><br>COMPLAINT<br>(JURY DEMAND) |

Timothy J. Hargrave (Prof. Hargrave) alleges as follows:

COMPLAINT

- Page 1 of 33

## NATURE OF THE ACTION

This is an action, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*., Section 7(b), 29 U.S.C. §620(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq*. (ADEA), which incorporates by reference Section 16(b), 29 U.S.C. §216(b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*., RCW 49.60.180, RCW 49.60.220, and the common law of Washington for economic and equitable relief to redress proscribed race, age, and sex discrimination, and breach of contract, in the context of tenure decisions at the University of Washington (University).

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§1331, 1343(a)(3), and 1343(a)(4), 42 U.S.C. §2000e-5(f)(3) this Court has jurisdiction over Prof. Hargrave's discrimination claims based on age, race, and sex, and his breach of contract claims.  Pursuant to 28 U.S.C. §1391(b) jurisdiction is proper in the United States District Court for the Western District of Washington.

## PARTIES

1. Prof. Hargrave, a 52-year old Caucasian male, was at all times material to this lawsuit a resident of Lake Forest Park, WA, and a tenure-track member of the faculty in the Business Program/School of Business at the University of Washington Bothell.  His areas of research and teaching lie in the area of "management."  In particular, his research interests within the general area of "management" have included, principally, institutional theory and business ethics.

2. Defendant University is an agency of the state of Washington.

3. Defendant Sandeep Krishnamurthy (Dean Krishnamurthy) at all times material to this lawsuit held a tenured faculty appointment at the University and served as the Dean of the School of Business at the University's Bothell campus (UWB).

COMPLAINT

- Page 2 of 33

4. Defendant Susan Jeffords (Vice Chancellor Jeffords) at all times material to this lawsuit held a tenured faculty appointment at the University and served as Vice Chancellor at UWB.

5. Defendant Cheryl Cameron (Vice Provost Cameron) at all times material to this lawsuit held a tenured faculty appointment and served as Vice Provost for Academic Personnel at the University.

6. Defendants P. V. Balakrishnan (Prof. Balakrishnan), Pradyot Sen (Prof. Sen), Gowri Shankar (Prof. Shankar), and James M. Miller (Prof. Miller) at all times material to this lawsuit held tenured faculty appointments in the School of Business at UWB.

**Facts**

7. During the 2005-2006 academic year Prof. Hargrave applied for a position as an assistant professor in the Business Program at UWB.  Later during the same academic year, Prof. Hargrave visited UWB to interview for the position.  Following the visit, Defendant. Balakrishnan expressed to at least one other faculty member in the Business Program at UWB that Prof. Hargrave was the stupidest person he, Defendant Balakrishnan, had ever interviewed.  Upon information and belief, Defendant Balakrishnan opposed hiring Prof. Hargrave into the Business Program at UWB.

8. Regardless, the University extended an offer to Prof. Hargrave and he commenced employment as an assistant professor in the UWB Business Program in September 2006.  In 2012, the UWB Business Program became the UWB School of Business.

9. Prior to the beginning of the 2006-2007 academic year, and throughout the period of Prof. Hargrave's employment as an assistant professor, the University maintained a Faculty Code.  Throughout the same period the Faculty Code, in large measure, governed the employer/employee relationship between the University and persons holding appointments as "faculty" as Section 21-

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

31 of the Faculty Code defines that term.  Throughout the same period the Faculty Code has constituted a contract of employment between Prof. Hargrave and the University.

10. Section 24-55 of the Faculty Code mandates that all faculty members at the University undergo an annual merit review by their colleagues.  Pursuant to the same section of the Faculty Code professors and associate professors evaluate assistant professors.  In accordance with the binding obligation to conduct annual merit reviews, during the 2006-2007, 2007-2008, 2008-2009, 2009-2010, and 2010-2011 academic years, the UWB Business Program's/Business School's Personnel Committee, comprising Prof. Hargrave's colleagues senior in rank to him, conducted a merit review of his performance on three dimensions: research/scholarship, teaching, and service.

11. In a memo to Prof. Steve Holland, the then-Director of the UWB Business program, dated April 17, 2007, the Personnel Committee, comprising Assoc. Prof. Paul Collins, Assoc. Prof. Kevin Laverty, Assoc. Prof. Pete Nye, Defendant Sundar Balakrishnan, Defendant Sandeep Krishnamurthy, and Defendant James Miller, rated Prof. Hargrave's 2006 performance as follows:  Research – Highly Meritorious; Teaching – Meritorious; Service – Meritorious; Overall – Highly Meritorious.

12. In a memo to UWB's then-Vice Chancellor for Academic Affairs, Tom Bellamy, dated April 25, 2007, Prof. Steve Holland, the then-Director of the Business Program, wrote: "I agree with the personnel committee that Tim Hargrave's performance was highly meritorious.  He has a publication in a top-tier management journal and is doing an outstanding job in the classroom and in serving the Business program."

13. In a memo to Prof. Steve Holland, the then-Director of the UWB Business program, dated February 19, 2008, the Personnel Committee, comprising Assoc. Prof. Paul Collins, Assoc. Prof. Kevin Laverty, Assoc. Prof. Pete Nye, Defendant Sundar Balakrishnan, Defendant Sandeep

COMPLAINT

- Page 4 of 33

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

Krishnamurthy, Defendant Gowri Shankar, and Defendant James Miller, rated Prof. Hargrave's 2007 performance as follows:  Research –Meritorious; Teaching – Meritorious; Service – Meritorious; and Overall - Meritorious.

14. In a memo to Susan Jeffords, UWB's Vice Chancellor for Academic Affairs, dated March 10, 2008, Prof. Holland, the then-Director of the Business Program, wrote:  "I agree with the personnel committee that Tim Hargrave's performance during 2007 was meritorious.  He is an excellent teacher and has done extremely well in both undergraduate and MBA classes.  He has a number of exciting research projects underway including some projects with colleagues at UW Bothell.  He is involved in important service work for the Business Program and the campus."

15. In a peer teaching evaluation of Prof. Hargrave, dated April 8, 2008, Assoc. Prof. Laverty concluded:  "Bottom line: it was an excellent class and I think Tim demonstrated to me that he is an excellent teacher of material that is difficult to teach and difficult for students to learn.

. . .

In summary, I think we are fortunate to have such [a] talented and dedicated teacher on our faculty."

16. In a memo to Prof. Steve Holland, the then-Director of the UWB Business program, dated March 13, 2009, the Personnel Committee, comprising Assoc. Prof. Paul Collins, Assoc. Prof. Kevin Laverty, Assoc. Prof. Pete Nye, Defendant Sandeep Krishnamurthy, and Defendant James Miller, rated Prof. Hargrave's 2008 performance as follows:  Research –Highly Meritorious; Teaching – Highly Meritorious; Service – Meritorious; Overall – Highly Meritorious.

17. In a memo to Susan Jeffords, UWB's Vice Chancellor for Academic Affairs, dated April 1, 2009, Prof. Holland, the then-Director of the Business Program, wrote:  "I agree with the

COMPLAINT

- Page 5 of 33

personnel committee that Tim Hargrave's performance was highly meritorious.  His paper in *Business Ethics Quarterly* will help him to establish a national reputation in the business ethics area and his other scholarly work is moving along nicely.  He continues to do outstanding work in the classroom and in service."

18. In a report on an observation of Prof. Hargrave's Management of Organizations class, dated February 24, 2010, Prof. Holland concluded: "Tim conducted a class that was very effective and pitched at an appropriate level for an introductory course in management."

19. In a letter to Prof. Hargrave dated May 22, 2010, Defendant Krishnamurthy, the Director of the then-Business Program, wrote:  "An evaluation of your performance for the 2009 calendar year follows.

**Research – Highly Meritorious**

Congratulations on the publication of the *Business Ethics Quarterly* paper.  I believe you are [at] a very important stage of your academic career.  It is wonderful to see the uptick in the pipeline.  This is the moment to be persistent with papers that have received revise & resubmit decisions.  It is also the time to focus on the bigger journal papers rather on smaller book chapters. . . ..

**Teaching – Highly Meritorious**

I believe that you are a thoughtful teacher who consistently challenges students.  It is gratifying to see the consistently high teaching evaluations.  We look forward to future successes in the classroom.

**Service – Meritorious**

Your service contributions are in line with expectations and we thank you for being a good citizen.  I appreciate you chairing the Lecturer search committee.  As you approach tenure, you must feel free to say 'No' to new demands.

COMPLAINT

- Page 6 of 33

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

Overall, I am assessing your performance last year as **Highly Meritorious.**"

20. In a memo to Defendant Krishnamurthy, the Director of the then-Business Program, dated March 29, 2011, the Personnel Committee, comprising Prof. Holland, Defendant Balakrishnan, and Defendant Miller, rated Prof. Hargrave's performance for 2010 as follows:  Research – Meritorious; Teaching – Meritorious; Service – Meritorious; and Overall – Meritorious.

21. In a memo to Prof. Hargrave dated May 3, 2011, Defendant Krishnamurthy, the Director of the then Business Program, wrote:  "I have attached the [March 29, 2011] letter from the [Personnel Committee].  I concur in their assessment.   I encourage you to continue to focus on high-quality research and maintaining high standards in the classroom.  Your level of service is appropriate.  I encourage all Assistant Professors to say 'No' if they feel service levels are inappropriate. . . .."

22. Pursuant to Section 25-32.A.2 of the Faculty Code an assistant professor at the University must undergo a review for promotion and tenure no later than during the sixth academic year of his or her employment at the University.  Pursuant to the Faculty Code the review involves a multi-level assessment of the candidate's performance record on three  dimensions: research, teaching, and service.

23. Pursuant to Section 24-34.A.2 of the Faculty Code, in order to become tenured a candidate for tenure must have "a substantial record of success in both teaching and research, except in unusual cases an outstanding record in one of these activities may be considered sufficient."

24. Pursuant to Section 13-31.A.3 of the Faculty Code and Governance individual academic units at the University have authority to adopt, for example, specific criteria for assessing whether a candidate for tenure in the applicable academic unit has established a record of substantial record of success on teaching and on research.  As long as they are not in conflict with other

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

provisions of the Faculty Code any such specific criteria form the basis for determining whether a candidate for tenure has met Faculty Code Section 24.34.A.2's requirements.

25. Pursuant to Section 13-31.A.3 of the Faculty Code, on February 13, 2007, the voting faculty members in the then-Business Program at UWB adopted the following Criteria for Promotion and Tenure:

> The candidate for tenure and promotion to Associate Professor must show promise of attaining a national reputation in his or her field.  Letters from external reviewers are extremely important, as is the reputation of the reviewers.  Any other evidence to indicate the quality of the research, such as the quality of journals in which publications appear, citations, awards, etc., is also valuable.  A number of different types of scholarly contributions are valued (grants, book chapters, presentations, etc.) but there must be a base of publications in high-quality refereed journals.

> There must be evidence of effective teaching in the various courses the candidate teaches regularly (core, electives, MBA, etc.).  This can be provided by student and peer evaluations, testimonial letters from students, teaching awards, etc.  Particular attention is paid to the level of intellectual challenge of the courses.

> Service to the institution is important at UWB because we are still in the process of building the institution.  How well one performs in service assignments is an important criterion in performance evaluation.

> For additional criteria, please see the University Handbook, relevant sections of which – 24-34, 24-32, 24-54, 25-32, 25-41 are attached.

The Criteria for Promotion and Tenure have been in effect in the Business Program and the School of Business at UWB at all times subsequent to their adoption in February 2007.

COMPLAINT

- Page 8 of 33

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

26. During the 2011-2012 academic year Prof. Hargrave and another assistant professor, Juan

Carlos Gómez (Prof. Gómez), in the School of Business at UWB underwent a mandatory

review for promotion and tenure pursuant to Section 25-32.A.2 of the Faculty Code.   Prof.

Gómez is of Hispanic descent and is approximately ten years younger than Prof. Hargrave.

27.  At the time of his promotion and tenure review during the 2011-2012 academic year, Prof.

Hargrave had a base of publications in high quality refereed journals.  Specifically, he was the

first author on an article published in the *Academy of Management Review* and the sole author

of an article published in *Business Ethics Quarterly*.  *Journal Citation Reports* (Thompson

Reuters 2012) ranked the *Academy of Management Review* first among a set of 172

Management Journals and first among a set of 116 Business Journals.  *Journal Citation

Reports* (Thompson Reuters 2012) ranked *Business Ethics Quarterly* second among a set of 48

Ethics Journals and 26th among a set of 116 Business Journals.

28. At the same time, Prof. Hargrave was the co-author of three chapters in books, two of which

were published by Oxford University Press, and a paper published in the 2011 Academy of

Management Best Paper Proceedings.  In addition, he had made numerous presentations a

professional meetings.

29. During the 2011-2012 academic year, in accordance with the dictates of the Faculty Code, a

three-person Promotion & Tenure Committee, comprising Assoc. Prof. Collins and Prof.

Holland, both members of the tenured faculty in the UW Bothell Business Program, and Prof.

Tom Jones, from UW's Foster School of Business, reviewed Prof. Hargrave's dossier,

evaluated his candidacy for promotion and tenure, and rendered a written recommendation

regarding that candidacy.  Assoc. Prof. Collins is a faculty member whose generic area of

research and teaching comes within the "management" domain.  Prof. Jones is a management

COMPLAINT

- Page 9 of 33

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

scholar whose work, particularly, for example, in the area of business ethics, is internationally recognized. He is the sole author of the most frequently cited refereed journal article in the area of business ethics. Overall, his refereed journal articles have garnered more than 9000 Google Scholar Citations as of the date of this complaint. Prof. Jones has been a University faculty member since the 1977-1978 academic year.

30. Prof. Hargrave's dossier, referenced in paragraph 29 above, contained letters from five tenured faculty members at academic institutions outside the University. In accordance with University rules and procedures, Defendant Krishnamurthy solicited, via a letter, the participation of the five external reviewers in the promotion and tenure review of Prof. Hargrave. All five external reviewers have expertise in the general area of "management." Although he does not yet know the identities of the five external reviewers, Prof. Hargrave has reason to believe that some subset of them hold faculty positions in what qualify as "top" schools of business/management. In contrast, the UW Bothell has never qualified as a "top" school of business/management.

31. All five of the external reviewer letters unequivocally endorsed Prof. Hargrave's candidacy for promotion and tenure. One external reviewer wrote: "Prof. Hargrave is known for his contribution to institutional theory and is a sought after contributor at smaller conferences in this domain. . . . His recent work on the management of contradictions and how such dilemmas are managed by organizational actors will continue to have impact."

32. A second external reviewer wrote: "[Prof. Hargrave's paper in the *Academy of Management Review*] is simply outstanding and has made a major impact on the field. It has significantly affected the way that organizational scholars think about processes of institutional and technological change. . . . .

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

Through these papers, Hargrave has established a national reputation  and revealed competencies and insight that far exceed his limited experience."

33. A third external reviewer concluded that Prof. Hargrave satisfied the criterion of "showing promise of attaining a national reputation in his field."   That reviewer wrote:  "With respect to article[s] in high-quality journals, Professor Hargrave has already demonstrated his ability to place articles in such outlets with work in *Academy of Management Review* and *Business Ethics Quarterly*."  That reviewer participated as an external reviewer of Prof. Hargrave's candidacy for promotion and tenure during the 2012-2013 academic year.

34. A fourth external reviewer did not explicitly assess Prof. Hargrave's research record according to the Faculty Code general standard and the Criteria for Promotion and Tenure.  Regardless, that reviewer wrote:  "Dr. Hargrave would clearly qualify for promotion at my university and, I suspect, at most top management schools . . .."

35. A fifth external reviewer wrote: "His work on [institutional theory] is widely cited and he is developing a national reputation on the subject. . . .  His second area of research is on moral imagination and, again, he has contributed substantially to the growing literature on that topic. . . . Dr, Hargrave should continue to be a significant scholar in his two areas of research and writing. . . .  I strongly recommend him for promotion and tenure."

36. In their October 7, 2011 Recommendation on Tim Hargrave, Assoc. Prof. Collins. Prof. Holland, and Prof. Jones noted: "The five external reviewers, . . ., were unanimous in their assessment of the quality of Tim's work, his contributions to the field, and his growing national reputation. . . .  Tim has developed a stellar reputation centered on the quality of his scholarship. . . .  We think that Tim has made substantial contributions to teaching. . . .  Finally, Tim has been an important citizen of the Business Program and UW – Bothell community. . . .

COMPLAINT

- Page 11 of 33

For all the above reasons and more, we give Tim Hargrave our highest recommendation for promotion and tenure."

37. In a memo to Prof. Hargrave, dated October 10, 2003, Defendant Krishnamurthy summarized the Promotion & Tenure Committee's Recommendation on Tim Hargrave.  Despite the fact that the Recommendation on Tim Hargrave did not contain the word "good" regarding Prof. Hargrave's teaching record, Defendant Krishnamurthy wrote: "You are regarded as a good teacher . . .."  Similarly, despite the fact that the Recommendation on Tim Hargrave did not contain the word "adequate," Defendant Krishnamurthy wrote:  "The [Promotion & Tenure Committee] regards your service to the [Business Program] as adequate."  Finally, despite the fact that the Promotion & Tenure Committee noted the unanimity of the external reviewers in their assessment of Prof. Hargrave's growing national reputation, Defendant Krishnamurthy made no reference to that fact.

38. On October 21, 2011, the tenured faculty in the Business Program, other than those on leave, met to discuss and vote on Prof. Hargrave's candidacy for promotion and tenure.  Those faculty members present and voting included, Assoc. Prof. Collins, Prof. Holland, Assoc. Prof. Kevin Laverty, Defendant Balakrishnan, Defendant Shankar, and Defendant Miller.  Defendant Balakrishnan's area of expertise is in marketing.  Defendant Shankar's is in accounting, Defendant Miller's is in finance.  None of the latter three persons has research expertise/experience in management or business ethics.

39. At the October 21, 2011 meeting referenced above, the two management faculty members in attendance, along with Prof. Holland, voted to recommend promotion and tenure for Prof. Hargrave.  Defendants Balakrishnan, Shankar, and Miller concluded that Prof. Hargrave had

COMPLAINT

- Page 12 of 33

not met the standard for tenure on the research dimension and voted against recommending promotion and tenure for him.

40. At the same time the voting faculty members considered Prof. Hargrave's candidacy, they discussed and voted on the candidacy of Assistant Prof. Gómez.  At the time of that vote, Prof. Gómez has published three articles in refereed journals.  The first of those, a single-authored piece, appeared in *Games and Economic Behavior*, a journal that is not as highly ranked as *Academy of Management Review*.  The second, a co-authored article, on which Prof. Gómez is the second author, appeared in *International Game Theory*, a journal that is not as highly ranked in its field as *Business Ethics Quarterly* is ranked among Ethics Journals.  The third, an article on which Prof. Gómez is the second author, and Defendant Balakrishnan is the first, appeared in *Mathematical Social Sciences*, a journal does not meet the implicit definition of "high-quality quality refereed journal."  Further, as of the 2011-2012 academic year, Prof. Gómez had not published any book chapters.

41. As of the date of this complaint, Prof. Gómez's three refereed journal articles referenced above have, in total, 19 Google Scholar Citations.  In contrast, as of the date of the issuance of Recommendation on Tim Hargrave, Prof. Hargrave's article in *Academy of Management Review* had accumulated approximately 165 Google Scholar Citations.  His article in *Business Ethics Quarterly* had accumulated approximately 10 Google Scholar Citations.  The first of his co-authored book chapters had accumulated approximately 50 Google Scholar Citations.

42. Despite the superiority of Prof. Hargrave's research record to that of Prof. Gómez on the criteria set forth in Criteria for Promotion and Tenure, Prof. Hargrave has reason to believe that Defendants Balakrishnan, Shankar, and Miller voted to recommend promotion and tenure for Prof. Gómez.

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

43. In a letter to Prof. Hargrave dated October 26, 2011, Defendant Krishnamurthy "summarized" the discussion at the October 21, 2011 meeting referenced above. For example, Defendant Krishnamurthy wrote: "[A] significant subset of the senior faculty believe that your published research output was below the average expected and did not indicate 'substantial success' (Chapter 24-34) in research." Departing from his reference to a "significant subset of the senior faculty," Defendant Krishnamurthy then represented falsely a number of conclusions to which the entire senior faculty had come. For example, "The faculty also found the quality of your second [,single-authored] publication [in *Business Ethics Quarterly*] to be good. . . . BEQ was regarded as one of the good journals found in the sub-discipline of business ethics. . . . The faculty regard you as a good teacher . . .."

44. In a letter to Defendant Jeffords, dated November 4, 2011, Defendant Krishnamurthy reported the vote of the Business Program's senior faculty regarding Prof. Hargrave's candidacy for promotion and tenure. In addition, Defendant Krishnamurthy provided his own negative recommendation and the reasons for it. As to the research dimension, Defendant Krishnamurthy concluded: "Ruling on the current maturity and quality of Dr. Hargrave's research, I conclude that Dr. Hargrave has simply not met our understanding of 'substantial success' when it comes to research (Chapter 24-34." Yet nowhere in the November 4, 2011 letter did Defendant Krishnamurthy address whether Prof. Hargrave had shown promise of attaining a national reputation in his field, as the Criteria for Promotion and Tenure requires.

45. In addressing Prof. Hargrave's refereed journal articles, Defendant Krishnamurthy down played both the stature of *Academy of Management Review* and *Business Ethics Quarterly* and the professional impact of the articles by using language that was altogether at odds with that of the five external review letters and the Recommendation on Tim Hargrave.

COMPLAINT

- Page 14 of 33

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

46. Finally, Defendant Krishnamurthy sowed the seeds for what would become the subsequent decision to postpone the decision on Prof. Hargrave's candidacy for promotion and tenure during the 2011-2012 academic year and the decision to deny him tenure during the 2012-2013 academic year:  "In addition, Dr. Hargrave has not built any local research collaborations.  His work continues to be disproportionately with his dissertation adviser."   Nothing in the Faculty Code or the Criteria on Promotion and Tenure even suggests that a lack of local research collaborations or the continued work with one's dissertation advisor are legitimate considerations when assessing whether a candidate for promotion and tenure in the UWB Business Program/Business School has shown promise of attaining a national reputation in his field.  Further, at no time has Defendant Krishnamurthy or any other agent of the University indicated to Prof. Hargrave that having a record of substantial success on the research dimension required his ceasing to pursue research with his dissertation advisor.

47. Not content to understate the quality of Prof. Hargrave's research record and apply impermissible considerations to the assessment of it, Defendant Krishnamurthy took a similar approach to his assessment of Prof. Hargrave's teaching record:  "Second, Dr. Hargrave has been a good teacher.  His teaching evaluations have been consistently good and he does encourage critical thinking in his classes with the use of the socratic method.  However, there is no unique tangible contribution in the area of teaching (e.g., pedagogical innovation, pedagogical scholarship, leadership with the PT faculty) and, the response to his class at the MBA level has been mixed. . . .  Overall, I believe Dr. Hargrave is a good teacher, but, do not see his contributions rising to the level of 'substantial success' in teaching."  Nothing in the Faculty Code or the Criteria for Promotion and Tenure allows an evaluator of a tenure

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

candidate's teaching record to penalize the candidate for the ostensible absence of "pedagogical innovation, pedagogical scholarship, or leadership with the PT faculty."

48. At approximately the same time in the fall of 2011 he recommended to Defendant Jeffords that Prof. Hargrave be denied promotion and tenure, Defendant Krishnamurthy recommended that Prof. Gómez be granted promotion and tenure.

49. At some time prior to November 20, 2011, Defendant Krishnamurthy met with UWB's Campus Council on Promotion and Tenure and Faculty Affairs (CCPTFA) regarding Prof. Hargrave's candidacy for promotion and tenure.  In a November 20, 2011 letter to Defendant Jeffords, by a majority vote, the CCPTFA recommended that Prof. Hargrave be granted promotion and tenure.  Defendant Balakrishnan was a member of the CCPTFA at that time and during the 2012-2013 academic year as well.  In assessing Prof. Hargrave's research record the CCPTFA's letter states: "Dr. Hargrave is noted for his thoughtful and high quality (and highly cited) publications in two important peer-reviewed business journals – Academy of Management Review and Business Ethics Quarterly.  He has four book contributions (book chapters and reviews), has two articles under review and is active on his conference presentation record and service to the field.  We agreed that the quality and impact of his research is strong and the quantity is adequate.  He has demonstrated a wide range and variety of intellectual interests and was noted for his ability to find important intersections between them.  His use of both advanced quantitative and qualitative methods in his work were noted as being innovative.  We see that he has articulated a clear trajectory for future research that is reflected by his works in progress.  While this chosen trajectory may be 'risky' because it is pushing boundaries, we believe this type of scholarly risk-taking should be supported."

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

50. In a December 10, 2011 letter to then-Interim Provost Doug Wadden Defendant Jeffords recommended that the decision on Prof. Hargrave's candidacy for promotion and tenure be postponed for a year.  As the basis for her recommendation Defendant Jeffords explained: "The recommendation of the Business Program faculty was divided . . ..  In his independent assessment of the file, Dr. Sandeep Krishnamurthy, Director of the Business Program, recommends that Dr. Hargrave not be promoted to Associate Professor.  The UW Bothell Campus Council on Promotion and Tenure and Faculty Affairs recommended tenure and promotion.  The CCTPFA assessed that Dr. Hargrave's 'teaching meets expectations; his research quality and trajectory meet this standard,' and that his service 'appears consistent with the expectations of junior faculty.'   Because of this divided assessment, I request that Dr. Hargrave's promotion and tenure decision be postponed for one year for reconsideration in 2012."

51. In her December 10, 2011 letter to then-Interim Provost Wadden Defendant Jeffords concluded that Prof. Hargrave had demonstrated substantial success and met the promotion and tenure requirements on the teaching and service dimensions.  Consequently, her decision to recommend postponement derived from what she characterized as "divided assessment [of Prof. Hargrave's research record]."

52. As of November 20, 2011, five external reviewers, two management faculty on the Promotion & Tenure Committee, another  management member of the Business Program's senior faculty, the former Director of the UWB Business Program, and a majority of the seven-member CCPTFA had all determined, unequivocally, that Prof. Hargrave established a record of substantial success on the research dimension.  Only Defendants Krishnamurthy, Balakrishnan, Shankar, and Miller, none of whom is a management scholar nor is familiar with management

COMPLAINT

- Page 17 of 33

research in Prof. Hargrave's fields, concluded that he had not established a record of substantial success on the research dimension.

53. In an apparent attempt to provide an independent basis for her recommendation, Defendant Jeffords cited one of the external review letters: "[One external reviewer] calls Dr. Hargrave's *Academy of Management Review* paper 'simply outstanding' and assesses that it 'has made a major impact on the field.' [That external reviewer] goes on to say that 'very few researchers can claim to have a paper with 165 citations at the time that they go up for tenure.' However, as do other reviewers, [the same external reviewer] notes that Dr. Hargrave's number of publications is low for someone at his career stage. He concludes that the two submitted papers, if accepted for publication, would place him closer to national expectations (though [the same external reviewer] does finally recommend in favor of tenure based on the quality of Dr. Hargrave's work."

54. Contrary to Defendant Jeffords's remarks quoted above, the external reviewer that she cited actually stated, among other things, that Prof. Hargrave "has established a national reputation." Further, "[I]t is also clearly the case that he has produced fewer 'hits' than many others at similar career stages. If his two current [resubmitted revised papers] were both to be accepted, it would put him in the average to above-average range from a numbers standpoint. . . . Despite the numbers issue, I believe that there is a strong quality-based case to be made for Hargrave's promotion."

55. Also contrary to Defendant Jeffords's remarks quoted in Paragraph 53 above, apart from the external reviewer on whom she relied, none of the four other external reviewers opined that Prof. Hargrave's "number of publications [was] low for someone at his career stage."

COMPLAINT

- Page 18 of 33

56. Following the receipt of Defendant Jeffords's December 10, 2011 letter, Defendant Cameron and Provost Ana Mari Cauce (Provost Cauce) decided to postpone until the 2012-2013 academic year the decision on promotion and tenure for Prof. Hargrave.  In accordance with the Faculty Code, Provost Cauce's decision became the decision of the University on the matter.  In contrast, Prof. Gómez received promotion and tenure.

57. During the 2012-2013 academic year Prof. Hargrave underwent a second promotion and tenure review.  As part of the review a new Promotion & Tenure Committee assessed his candidacy. That Promotion & Tenure Committee comprised two management researchers/teachers: Assoc. Prof. Laverty, from the UWB School of Business, and Prof. Kevin Steensma, from the University's Foster School of Business, along with Prof. Holland.  Prof. Steensma is an internationally recognized scholar whose publications have accumulated more than 3600 Google Scholar Citations as of the date of this complaint.  Prof. Steensma has been a University faculty member since the 2000-2001 academic year.

58. Prof. Hargrave's dossier that the new Promotion & Tenure Committee reviewed contained a new single-authored refereed journal publication by Prof. Hargrave in *Business and Society Review*, along with four new external review letters, at least two of which came from persons who had submitted review letters during the 2011-2012 academic year.  After  noting Prof. Hargrave's publications, one of the new external review letters stated:  "He currently has a paper under review at *Organization Science*, also considered an 'A' level journal in the organizational studies field and several working papers in process, suggesting a pretty full pipeline.  All of this represents a commitment to quality work and a reasonable level of productivity. . . .  I do believe that he has achieved a 'base of publications in high-quality refereed journals that you require for promotion.  If anything gives me pause it is the gap in

COMPLAINT

- Page 19 of 33

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

years between publications (between 2006 and 2009 and between 2009 and today). However, the relatively full pipeline suggests that he is working on multiple interesting projects that should result in publications."

59. A second external reviewer, who submitted a review letter during the 2011-2012 academic year, wrote: "[E]ach of his published contributions is of very high quality in prestigious places. In many universities it is that quality that weighs more heavily as it should. . . .. Dr. Hargrave is currently engaged in many very promising research and working papers, and I have no doubt that he will soon have a national reputation in these new branches of institutional theory that he and his collaborators are both inventing and studying. . . . In summary, I support my 2011 assessment even more firmly that Dr. Tim Hargrave is a fine scholar and compares favorably with scholars at this stage of their careers. I strongly recommend him for promot[ion] and tenure."

60. A third, apparently new, external reviewer wrote of Prof. Hargrave: "His work is original and highly relevant. It has and will continue to influence the literature on institutional theory both today and in the future. . . . In short, Dr. Timothy Hargrave has a very creative mind and I believe he will continue to make substantial contributions to scholarship related to institutional theory and the broader area of management. . . . In what I believe to be his most important paper . . . he focuses explicitly on [the issue of why and how organizations change]. . . . This research has influenced many papers in the area and will continue to have an impact. Since his paper was published, at least 5 papers in top journals have built upon his work. . . . On many occasions [his] paper has been the focus of conversations I have personally had with a variety of academics on the topic of institutional change. . . . In summary, Dr. Hargrave is one of those scholars who focuses on publishing very high impact research. This strategy does not

COMPLAINT

- Page 20 of 33

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

always result in high numbers of publications, but instead, publications that change the direction of the field.  I believe that Dr. Hargrave fits this model and has had a strong positive impact on the field and will continue to do so. . . .  As a tenured professor, I believe that he will continue to contribute in a variety of ways to the University of Washington (Bothell)."

61. A fourth external reviewer, apparently at the University of Alberta and who submitted a review letter during the 2011-2012 academic year, sounded the only possibly negative note regarding Prof. Hargrave's research record.  That negative note, however, derived from an inapt comparison of that record with those of early career scholars at the reviewer's institution and "top" management schools, a mischaracterization of the status of *Business Ethics Quarterly*, and a mistaken assumption as to the basis for the decision to postpone the decision on Prof. Hargrave's candidacy:  "By way of background, I provided an earlier review and assessment of Dr. Hargrave's application for tenure in a letter dated August 31, 2011.  My assessment at that time was very positive, swayed largely by two manuscripts that were at the stage of second round review at elite management journals (*Academy of Management Review* and *Organization Science*).  I assume, based on this renewed request to review Dr. Hargrave's tenure application, that last year's process was delayed in order to determine the outcome of the review process for the two manuscripts noted above.

I further note that in the current application materials, neither of these papers appears to have been published, nor are they currently in the review process.  I assume, therefore, that both manuscripts were ultimately rejected.

. . . Without these publications, Professor Hargrave's publication profile changes quite dramatically.

. . .

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

[His] gross number of journal publications is, thus, one top-tier journal publication, two second-tier journal publications and three book chapters.

Unfortunately, this  standard of output, both in terms of quality and quantity of publications is below the standard for my institution and, I would estimate, at top management schools such as the University of Washington.  At my institution the expectation would be at least three clear 'elite' publications (i.e. Financial Times 45 or UT Dallas listing) and an equal number of 'near elite' publications in order to achieve tenure.  Unfortunately I do not think Dr. Hargrave has achieved this standard of excellence.

I find this conclusion unsettling as I have been an admirer of Dr. Hargrave's work and think that his line of research holds considerable potential.  Had either of the two  manuscripts under review gained purchase, I would be writing an entirely different letter.  I still see significant long term potential in Dr. Hargrave's program of research."

62. In an October 8, 2012 letter to Defendant Krishnamurthy the new Promotion & Tenure Committee unanimously recommended that Prof. Hargrave be granted promotion and tenure. As to Prof. Hargrave's research record, the new Promotion & Tenure Committee wrote:  "The Promotion and Tenure Criteria of the UW Bothell School of Business state, 'The candidate for tenure and promotion to Associate Professor must show promise of attaining a national reputation in his or her field.'  We believe that Dr. Hargrave shows such promise. Our evaluation is based on his published work, work in progress, external review letters, citations of his research . . ..   The remainder of this letter provides our reasoning for these judgments with specific references to the elements of the School of Business criteria for promotion and tenure.

'… there must be a base of publications in high-quality refereed journals.'

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

Dr. Hargrave has published three papers in high-quality refereed journals in the areas of institutional theory and business ethics. . . .  He also has sole-authored pieces in *Business Ethics Quarterly*, considered to be the premier journal in the field of business ethics, and in *Business and Society Review*, a respected journal in the field of business ethics. . . .

He also has several working papers that appear to have excellent publication prospects including submissions to *Organization Studies* and *Energy Policy*.  The latter paper is strongly interdisciplinary in its focus and co-authored with a faculty member from the School of Interdisciplinary Arts and Sciences at UW Bothell.

. . ..

[The external reviewer from the University of Alberta] does note, however, that the quantity of [Dr. Hargrave's] publications in top-tier journals would not be sufficient to receive tenure at his school.  The promotion and tenure standards of his school, however, appear to be quite different from those of the UW School of Business."

63. The new Promotion & Tenure Committee concluded: "In sum, . . . Dr. Timothy Hargrave is the kind of scholar who should receive a promotion to Associate Professor in the School of Business at the University of Washington Bothell.  He embodies the attributes we prize in that he conducts innovative high-quality research that impacts his field, teaches intellectually challenging courses, and takes service roles seriously."

64. As he did in 2011, in his October 10, 2012 letter to Prof. Hargrave, summarizing the letter from the new Promotion & Tenure Committee, Defendant Krishnamurthy down-played that body's assessment.  For example, "You have three publications in peer-reviewed journals."

65. On October 25, 2012, the tenured faculty in the UWB School of Business, not including those on sabbatical, met to discuss and vote on Prof. Hargrave's candidacy for promotion and tenure.

COMPLAINT

- Page 23 of 33

The voters included Defendants Balakrishnan, Shankar, Sen, and Miller, along with Prof. Holland, Assoc. Prof. Laverty, and Assoc. Prof. Nye.  Several irregularities attended the discussion.  For example, Defendant Sen asserted that there was no need to consider Prof. Hargrave's entire record.  Instead, it would be necessary only to consider what Prof. Hargrave had accomplished since the 2011-2012 promotion and tenure review.  Further, there was no discussion of Prof. Hargrave's record on the teaching dimension.

66. As in Prof. Hargrave's first promotion and tenure review, Defendants Balakrishnan, Shankar, and Miller, joined by Defendant Sen, whose area of research/teaching is accounting, voted against promotion and tenure.  Prof. Holland, Assoc. Prof. Laverty, and Assoc. Prof. Nye voted in favor of promotion and tenure.  Assoc. Prof. Gómez abstained.

67. In his letter to Prof. Hargrave, dated October 30, 2012, Defendant Krishnamurthy summarized, albeit erroneously, the discussion at the October 10, 2012 meeting.  For example, speaking collectively Defendant Krishnamurthy stated: "Your colleagues noted your emphasis on quality in your research as demonstrated by your earlier work.  Over time, however, we observed low research output with significant gaps and there has been a systematic downward trend in quality. . . .  The faculty regard you as a reasonably good teacher . . .."  Contrary to those statements, several senior members of the UWB School of Business senior faculty do not subscribe to the view that there had been a systematic downward trend in the quality of Prof. Hargrave's research output.  Further, at the October 10, 2012 meeting none of the voting faculty used the term "reasonably good" to describe Prof. Hargrave as a teacher.  Instead, consistent with their written observations of Prof. Hargrave's teaching, Prof. Holland, Assoc. Prof. Laverty, and Assoc. Prof. Nye, the last of whom completed a written observation in October 2012, regard Prof. Hargrave as an excellent teacher.

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

68. In a letter to Defendant Jeffords, dated November 14, 2012, Defendant Krishnamurthy reported the results of the October 25, 2012 vote on Prof. Hargrave's candidacy for promotion and tenure.  In the same letter Defendant Krishnamurthy provided an explanation for his decision to, as in 2011, recommend against promotion and tenure for Prof. Hargrave.  That explanation, as a few examples make clear, rests on "cherry-picking" ostensibly negative aspects of Prof. Hargrave's performance while at the same time either distorting or ignoring the bulk of positive evidence of Prof. Hargrave's having met, or even exceeded the standards for promotion and tenure in the UWB School of Business.  For example, in addressing Prof. Hargrave's research record, Defendant Krishnamurthy quoted extensively from the University of Alberta reviewer's letter, but ignored or dismissed the uniformly positive assessments in the three other new external review letters, excerpted in Paragraphs 58, 59, and 60 above.  In addition, he ignored altogether the uniformly positive contents of the five review letters from the 2011-2012 promotion and tenure review.  That is, in violation of the Faculty Code, Defendant Krishnamurthy failed to consider Prof. Hargrave's entire record on the research dimension.

69. In the one instance where he referred to a second new external review letter Defendant Krishnamurthy, again, "cherry picked:"  "One external reviewer … overstates [Prof. Hargrave's] work's influence when she argues that 'each of his published contributions is of very high quality in prestigious places', since I find *Business and Society Review* to be of a lower standard."  The contents of Paragraph 59 above provide more context for the external reviewer's comments than Defendant Krishnamurthy's brief excerpt supplies.

70. Similarly, Defendant Krishnamurthy wrote, misleadingly: "I find [another new external reviewer] more convincing when she argues that [Prof. Hargrave] displays a 'reasonable level

COMPLAINT

- Page 25 of 33

of productivity.'"  The contents of Paragraph 58 above reveal that in quoting the new external reviewer, Defendant Krishnamurthy failed to supply an accurate context for those quoted remarks.

71. Similarly, Defendant Krishnamurthy asserted erroneously:  "Third, at this stage of his career, Dr. Hargrave's CV displays a weak pipeline with uncertain prospects.  He has received an invitation to revise one paper at *Organization Science*.  Although one of  the external reviewers [] notes that this is a 'strong paper' with 'excellent prospects', I have learned through experience that attaching weight to such language with respect to a paper in an early stage of review is a perilous undertaking.  Dr. Hargrave has two other papers under first review.  Five other working papers are listed, and not yet submitted.   I view this pipeline as immature and fraught with uncertainty.  In effect, Dr. Hargrave has had to completely redesign his research agenda in response to key papers being rejected.  His entire research program is in disarray.  I join the senior faculty in noting that this pipeline may take as long as another tenure clock before it results in significant contribution."  As of the date of this complaint, two of the research papers in Prof. Hargrave's "pipeline" have been accepted for publication, one at *Organization Science*, the other at *Energy Policy*.  Further, at no time was Prof. Hargrave's "entire research program in disarray."

72. In an example of misstating what transpired at the October 25, 2012 meeting of the UWB School of Business senior faculty, Defendant Krishnamurthy stated in his November 14, 2012 letter to Defendant Jeffords that "the standard of 'promise of attaining a national reputation' was applied."  Further, as his November 14, 2012 letter to Defendant Jeffords makes clear, in assessing Prof. Hargrave's research record Defendant Krishnamurthy himself did not apply that standard.

COMPLAINT

- Page 26 of 33

73. Following the submission of his November 14, 2012 letter to Defendant Jeffords, Defendant Krishnamurthy met with the CCPTFA. As in 2011, Defendant Balakrishnan was a member of that body. In a letter to Defendant Jeffords dated November 20, 2012, the CCPTFA reported that a majority of the members of that body had voted not to recommend promotion and tenure for Prof. Hargrave. The basis for that negative vote lay in an assessment of Prof. Hargrave's research record. Largely reflecting the misleading reasoning, "cherry picking" and other input of Defendant Krishnamurthy, the CCPTFA wrote: "Dr. Hargrave's external references indicate that he has the potential to make a substantial contribution in the field of institutional dynamics. His highly cited publications in two, important peer-reviewed journals (Academy of Management Review and Business Ethics Quarterly) indicated some early potential for success. His intellectual efforts are advanced in several areas – but perhaps are varying in ways that have weakened his overall potential for success. Also, in early 2012, a critical, potentially high impact journal manuscript was withdrawn for consideration for publishing as other researchers had 'scooped' him with a published article. This article, while not considered as the sole reason for denial of promotion and tenure, is an indicator that points to an overall troublesome record of research productivity and promise. . . . Despite early success with a high impact publication, the record indicates that Dr. Hargrave has yet to establish a substantial research program independent of his research advisor and commensurate with the expectations of the UWB School of Business."

74. In a letter to Provost Cauce, dated December 10, 2012, Defendant Jeffords recommended that Prof. Hargrave be denied tenure and promotion. Defendant Jeffords asserted that she based her recommendation on the vote of the senior faculty in the UW Bothell School of Business, the recommendation of the CCPTFA, and her own independent assessment. That is, she

COMPLAINT

- Page 27 of 33

1   ignored the recommendation of the new Promotion & Tenure Committee and, ostensibly,

2   Defendant Krishnamurthy's recommendation.  Building, however, on the misleading reasoning

3   and highly selective references to evidence on the research dimension set forth by Defendant

4   Krishnamurthy, Defendant Jeffords justified her recommendation as follows:  "Dr. Hargrave's

5   primary area of scholarly contribution is in the area of institutional change and collective

6   action. Since his arrival Dr. Hargrave has published two articles in refereed journals, one of

7   which is published in the top journal in the field.  He also has published three book chapters."

8   In fact, Prof. Hargrave had three refereed journal articles at the time of the second promotion

9   and tenure review. Defendant Jeffords continued: "The external review letters recognized both

10  Dr. Hargrave's accomplishments and the limited research output so far.  [One external

11  reviewer] notes that Dr. Hargrave 'is one of those scholars who focuses on publishing on very

12  high impact research.  This strategy does not always  result in high numbers of publications,

13  but instead, publications that change the direction of the field.'  [Another external reviewer]

14  notes that Dr. Hargrave's publications show 'a commitment to quality work' that has yielded a

15  'reasonable level of productivity.'  All the reviewers note the impact of the work that Dr.

16  Hargrave did with his graduate school mentor, Dr. Van de Ven.  [An external reviewer] points

17  to Dr. Hargrave's new collaboration as 'very exciting' but recognizes that there is 'not a

18  plethora of articles.' [The University of Alberta reviewer] was a previous reviewer for Dr.

19  Hargrave when his file was considered last year.  At that time, [the University of Alberta

20  reviewer] was supportive of promotion and tenure, based both on Dr. Hargrave's publications

21  and on two promising essays in the final stages of review.  [The University of Alberta

22  reviewer] notes that neither of these papers secured publication.  Consequently, [the University

23  of Alberta reviewer] revises his recommendation in his current assessment and concludes that

COMPLAINT

- Page 28 of 33

'this standard of output, both in terms of quantity and quality of publications is below the standard' both at his own institution and, he estimates, at others as well."  The last portion of the immediately preceding sentence, at a minimum, misstates the University of Alberta reviewer's remarks,  as set forth in Paragraph 61 above: "Unfortunately, this  standard of output, both in terms of quality and quantity of publications is below the standard for my institution and, I would estimate, at top management schools such as the University of Washington."  Again, no ranking of schools of management places the UWB School of Business anywhere near membership in the group of "top management schools."  Further, Defendant Jeffords ignores the reality, articulated by the new Promotion & Tenure Committee that "[The external reviewer from the University of Alberta] does note, however, that the quantity of [Dr. Hargrave's] publications in top-tier journals would not be sufficient to receive tenure at his school.  The promotion and tenure standards of his school, however, appear to be quite different from those of the UW School of Business."  Also, Defendant Jeffords ignored the fact, for example, that two of Prof. Hargrave's papers under review, at *Organization Science* and *Energy Policy*, were co-authored with persons other than Prof. Hargrave's "research advisor."  Finally, Defendant Jeffords ignored the uniformly positive assessments of the other external reviewers for 2011-2012 and 2012-2013.

75. Following the transmission of Defendant Jeffords's December 10, 2012 letter to Provost Cauce, Defendant Cameron recommended against promotion and tenure for Prof. Hargrave.  Provost Cauce then decided, as the University's ultimate decision maker on the matter, to deny promotion and tenure.

76. During the 2013-2014 academic year, a female assistant professor in the UWB School of Business underwent a review for promotion and tenure.  That assistant professor had a

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

demonstrably inferior research record to that of Prof. Hargrave as of the dates of his two promotion and tenure reviews.  Further, nearly all of her papers were co-authored with a member of her dissertation committee.  Regardless, Defendants Krishnamurthy, Balakrishnan, Sen, Shankar, and Miller, all recommended that she receive promotion and tenure.

77. Within 300 days of receiving notification that he had been denied promotion and tenure, Prof. Hargrave filed a Charge of Discrimination with the EEOC and the Washington Human Rights Commission arising out of the decision to deny him promotion and tenure during the 2012-2013 academic year.

78. On December 10, 2014, the EEOC mailed a Notice of Right to Sue to Prof. Hargrave.

**CLAIMS**

79. Prof. Hargrave realleges paragraphs 1- 78 above.

80. By the conduct alleged above in denying him promotion and tenure during the 2012-2013 academic year, the University discriminated against Prof. Hargrave on the basis of race, national origin, and age in violation of Title VII of the Civil Rights Act of 1964, the ADEA, and RCW 49.60.180.

81. By the conduct alleged above in failing to grant promotion and tenure to Prof. Hargrave during the 2011-2012 academic year, the University discriminated against Prof. Hargrave on the basis of race, national origin, and age in violation of RCW 49.60.180.

82. By the conduct alleged above the University breached its employment contract with Prof. Hargrave by postponing a decision on his candidacy for promotion and tenure during the 2011-2012 academic year, and by denying him promotion and tenure during the 2012-2013 academic year.

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

83. By the conduct alleged above, Defendants Cameron, Jeffords, Krishnamurthy, Balakrishnan, Shankar, and Miller aided and abetted discrimination against Prof. Hargrave on the basis of race, national origin, and age in violation of RCW 49.60.220.

84. By the conduct alleged above, Defendants Krishnamurthy, Balakrishnan, Shankar, Sen, and Miller aided and abetted discrimination against Prof. Hargrave on the basis of sex in violation of RCW 49.60.220.

85. As the result of the violations of law set forth above, Prof. Hargrave has and will continue to suffer a loss of income and benefits.

### REQUEST FOR RELIEF

Prof. Hargrave requests that the Court provide him with the following relief:

(a) Entry of a judgment that in denying Prof. Hargrave  tenure the University violated Title VII of the Civil Rights Act of 1964, the ADEA, and RCW 49.60.180;

(b) Entry of a judgment that in failing to grant  tenure and promotion to Prof. Hargrave during the 2011-2012 academic year the University violated RCW 49.60.180;

(c)  Entry of a judgment that in in denying Prof. Hargrave  tenure the University breached its employment contract with him, in, for example, the form of failing to adhere to the University's promise of specific treatment in specific circumstances;

(d) Entry of a judgment that in in postponing a decision on Prof. Hargrave's candidacy for tenure, the University breached its employment contract with him, in, for example, the form of failing to adhere to the University's promise of specific treatment in specific circumstances;

COMPLAINT

- Page 31 of 33

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

(e)  Entry of a judgment for economic damages, in the form of back pay and front pay, that Prof. Hargrave has sustained as the result of the University's having postponed a decision on tenure and then denied him tenure;

(f)  Equitable relief in the form of an injunction requiring the University to re-instate Prof. Hargrave as an associate professor with tenure in the UWB School of Business;

(g)  Entry of a judgment against Defendants Cameron, Jeffords, Krishnamurthy, Balakrishnan, Shankar, Sen, and Miller for having aided and abetted discrimination against Prof. Hargrave in violation of RCW 49.60.220;

(h)  An award of reasonable attorneys' fees and costs incurred in connection with pursuing this lawsuit pursuant to 42 U.S.C. 2000e-5(k) and Chapter 49.60 RCW; and

(i)  Such other relief that the Court determines to be appropriate.

**Jury Demand**

Prof. Hargrave demands a trial by jury on all issues pertaining to his claims.

Dated this 13th day of March 2014.

GAUTSCHI LAW FIRM, LLC

By: s/Frederick H. Gautschi, III
    Frederick H. Gautschi, III
    WSBA No. 20489
    Attorney for Timothy Hargrave
    2200 6th Ave., Ste. 1250
    Seattle, WA 98121
    206.441.1980
    FAX: 206.441.5803
    Email: rgautschi@gautschilaw.com

COMPLAINT

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803

GEORGE T. HUNTER, ATTORNEY AT LAW

By: s/George T. Hunter
      George T. Hunter
      WSBA No. 14388
      Attorney for Timothy Hargrave
      2200 6th Ave., Ste. 1250
      Seattle, WA 98121
      206.441.1980
      FAX: 206.441.5803
      Email: gthunter7700@gmail.com

COMPLAINT

- Page 33 of 33

GAUTSCHI LAW FIRM, LLC
2200 Sixth Ave. Ste. 1250
Seattle, WA 98121
206.441.1980
FAX: 206-441-5803